FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA 2006 MAY 31 A 9: 37
JACKSONVILLE DIVISION

CLERK US DISTRICT COURT

JESSICA HUGABOOM, as Personal Representative
of the Estate of Michael Hugaboom, deceased,

        Plaintiff,

v.  NO. 3:06-cv-492-J-25MCR

UNITED STATES OF AMERICA

        Defendant.

_____/

## COMPLAINT

Plaintiff Jessica Hugaboom, as Personal Representative of the Estate of Michael Hugaboom, deceased, sues Defendant United States of America and alleges:

1. This is an action for damages in excess of $75,000, exclusive of interest and costs.

2. The United States of America is a Defendant in this action, pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346(b) and §2671. *et. seq.*

3. Plaintiff is a resident of Chesapeake, Norfolk County, Virginia. This Court has jurisdiction over this claim and venue is proper in the Middle District of Florida, Jacksonville Division, because the events or omissions giving rise to this claim occurred in Jacksonville, Duval County, Florida.

4. At all times material, Jessica Hugaboom was the mother of Michael Hugaboom, a deceased infant.

5. Jessica Hugaboom is the Personal Representative of the Estate of Michael Hugaboom, deceased.

6. The following are survivors and beneficiaries of a claim for the wrongful death of Michael Hugaboom:

A) Jessica Hugaboom, mother;

B) Thomas Hugaboom, father; and

C) The Estate of Michael Hugaboom.

7. At all times material, Naval Hospital Jacksonville (hereinafter "Naval Hospital"), located at 2080 Childs Street in Jacksonville, Duval County, Florida was owned and operated by Defendant, United States of America.

8. At all times material, Naval Hospital held itself out as being a full-service hospital able to provide medical, surgical, nursing, diagnostic testing, and other medical services necessary to evaluate, diagnose and treat infant patients such as Michael Hugaboom.

9. On November 2, 2005, Plaintiff filed Administrative Claims with the Department of the Navy, Naval Legal Services Office Central, Pensacola, Florida. Defendant, United States of America, has failed to respond to the Administrative Claims and six (6) months from the date of filing all claims has elapsed.

10. All of the conditions precedent for bringing this lawsuit have occurred or been waived.

## COUNT I
## NEGLIGENCE OF THE UNITED STATES OF AMERICA
## FOR THE WRONGFUL DEATH OF MICHAEL HUGABOOM

11. Plaintiff realleges and incorporates by reference, the allegations contained in paragraphs 1 through 10 above, and further states:

12. Michael Hugaboom was born on June 29, 2003.

13. Michael Hugaboom died on February 7, 2004.

14. Michael Hugaboom's cause of death was pseudomona aeruginosa sepsis.

15. Michael Hugaboom came under the care and treatment of the medical and nursing staff of Naval Hospital at its Emergency Room on February 1, 2004 at 1730 with chief complaints listed as congestion and cough. Michael Hugaboom had a temperature of 102.5 and was categorized as urgent. Shane Cline, M.D. diagnosed Michael Hugaboom with viral upper respiratory infection and discharged the patient home with instructions to return for decreased po intake, a fever > 103 -104, lethargy, or not consolable.

16. Michael Hugaboom again came under the care and treatment of the medical and nursing staff of Naval Hospital at its Emergency Room on February 2, 2004 at 1426 with chief complaints listed as fever and vomiting. Michael Hugaboom had a temperature of 101.8 and was categorized as urgent. Robert Fulton, M.D. diagnosed Michael Hugaboom with bronchitis. The doctor discharged the patient to home on Zithromax with fever care instructions and instructed the family to follow-up with his PCP in the a.m.

17. Michael Hugaboom again came under the care and treatment of the medical and nursing staff of Naval Hospital at its Family Practice Clinic on February 3, 2004 at 1300. Michael Hugaboom was noted to have been given 120 mg Tylenol rectally at 1100. Michael Hugaboom was noted to weigh 8.02 kg and have a temperature of 99.3. The reason for the appointment is listed as follow-up to ER for cough and fever for three days. Family Nurse Practitioner Gary L. Leffelman assessed Michael Hugaboom as having resolving bronchitis and discharged the patient home with instructions.

18. On February 2, 2004 at 9:10 p.m., Naval Hospital received a triage call from Thomas Hugaboom. Mr. Hugaboom spoke with Nancy Robinson and reported that

Michael Hugaboom now had a fever of 103. The recommended disposition was to "Provide Home/Self Care." The reason for the disposition is listed as "Reasonable improvement on antibiotic (all triage questions negative)."

19.  On February 3, 2004 at 10:31 am, Naval Hospital received a triage call on Michael Hugaboom. The caller spoke with Denise M. Loveall and reported that "My son has blisters on bil arms and legs." The caller further reported 4 - 5 pea-sized blisters on upper extremities with "red halos around them" and 3-4 on lower extremities. The caller denied fever at that time and reported symptoms of bronchitis were improving. The recommended disposition was to "See physician within 24 Hours." The reason for the disposition is listed as "[1] Unexplained sores AND [2] 3 or more."

20.  Michael Hugaboom again came under the care and treatment of the medical and nursing staff of Naval Hospital at its Emergency Room on February 4, 2004 at 11:30 with chief complaints listed as possible med reaction/rash/blisters. Michael Hugaboom was noted to weigh 8.0 kg, have a pulse of 189 and a temperature of 100.5. Michael Hugaboom was categorized as non-urgent and an Acute Care Clinic appointment was scheduled for the patient at 12:25 on February 4, 2004.

21.  Michael Hugaboom again came under the care and treatment of the medical and nursing staff of Naval Hospital at its Acute Care Clinic on February 4, 2004 at 12:25 for "rash/ poss med rxn." Susan Koehler, M.D. assessed Michael Hugaboom as varicella vs E.M. Dr. Koehler noted erythematous 1-2 cm macules with vesicle center, one on forehead, one on buttocks, with the rest on his extremities.

22.  Between February 1, 2004 and February 4, 2004, Naval Hospital had a duty to provide adequate, sufficient and non-negligent medical, diagnostic and other health-

related care to Michael Hugaboom by and through its medical and nursing staff within the applicable standards of care. Defendant Naval Hospital undertook and agreed to provide such care to Michael Hugaboom.

23. Between February 1, 2004 and February 4, 2004, the medical and nursing staff of Naval Hospital Jacksonville, during the course of numerous visits of Michael Hugaboom to the Navy Hospital emergency room, family practice clinic, acute care clinic and numerous triage phone calls, deviated from appropriate standards of reasonable medical care in treating Michael Hugaboom in the following ways, including:

(a) Negligently failed to provide proper medical services;

(b) Negligently failed to diagnose and treat Michael Hugaboom's pseudomona aeruginosa sepsis;

(c) Negligently failed to perform adequate and proper diagnostic testing;

(d) Negligently failed to prescribe appropriate medical therapy;

(e) Negligently failed to prescribe appropriate follow-up medical treatment;

(f) Negligently failed to provide reasonable and appropriate medical care;

(g) Negligently failed to properly evaluate and treat Michael Hugaboom's serious medical condition;

(h) Negligently failed to provide reasonable and appropriate nursing and medical care to Michael Hugaboom;

(I) Negligently failed to properly assess, monitor and manage Michael Hugaboom's overall medical condition;

(j) Negligently failed to provide nursing and medical staff that were properly educated, trained and with sufficient experience to manage a pediatric patient such as Michael Hugaboom;

(k) Negligently provided an improperly educated and trained and inexperienced nursing and medical staff to provide pediatric medical care to Michael Hugaboom;

(l) Negligently failed to transfer or refer Michael Hugaboom to an appropriate facility that specializes in pediatric medicine; and

(m) Negligently failed to admit Michael Hugaboom to Naval Hospital for appropriate inpatient diagnosis, care and treatment.

24. As a direct and proximate result of the negligence of Defendant United States of America, Michael Hugaboom died on February 7, 2004.

25. As a further direct result, Jessica Hugaboom and Thomas Hugaboom have suffered the loss of their son. They have experienced great mental pain and suffering in the past and will continue to experience mental pain and suffering in the future. Additionally, Mr and Mrs. Hugaboom have also incurred medical and funeral expenses.

26. As a further direct and proximate result of the negligence of Defendant United States of America, the Estate of Michael Hugaboom has experienced a loss of income and net accumulations.

WHEREFORE, Plaintiff demands judgment for damages and costs against the United States of America.

## CERTIFICATE OF GOOD FAITH

The undersigned attorney certifies that a reasonable investigation has been made

as permitted by the circumstances to determine that grounds exist for a good faith belief that there has been negligence in the care or treatment of Michael Hugaboom. The investigation gave rise to a good faith belief that grounds exist for the subject action against the Defendant.

Dated this 31st day of May, 2006.

SPOHRER, WILNER, MAXWELL & MATTHEWS, P.A.

_____
Sean B. Cronin, Esquire
Florida Bar No. 146447
701 West Adams Street, Suite 2
Jacksonville, Florida  32204
Phone: (904) 354-8310
Facsimile: (904) 358-6889
Attorneys for the Plaintiff